IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOEL W. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0481-WS-M |
| | ) |
| CLYDE M. ROBERTS, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Consent Motion for Stay Pending Appeal (doc. 17) and plaintiff's Motion to Extend Time to Respond to Motion to Dismiss (doc. 18). Defendants have filed a Response to Motion to Stay (doc. 19).

On September 3, 2010, plaintiff, Joel W. Green, filed the Complaint (doc. 1) in admiralty against defendants, Clyde M. Roberts III and Independent Marine Consultants, Inc. ("IMC"). The Complaint alleges that Green sustained injuries in an explosion while employed as a welder performing repair work on the vessel M/V CAPE EDMONT in January 2006. According to the Complaint, Roberts was directly supervising those repairs, and his negligence in performing those duties proximately caused Green's injuries. The Complaint further alleges that Roberts' conduct may be imputed to IMC because Roberts was acting in his capacity as principal and operating employee of IMC. The Complaint specifically relies on a March 2010 finding by the U.S. District Court for the Middle District of Florida in another, related case (styled *Green v. United States*, 700 F. Supp.2d 1280 (M.D. Fla. 2010)) that Roberts and IMC were not agents of the United States. That determination is significant because all parties appear to agree that Green would be proscribed by applicable law from obtaining relief from Roberts or IMC if they were deemed agents of the United States.[1]

---

[1] Substantial authority supports this view. *See, e.g., Doyle v. Bethlehem Steel Corp.*, 504 F.2d 911, 913 (5th Cir. 1974) ("Doyle's exclusive remedy for the injuries which he sustained while working on the USNS Yukon is against the United States, and he cannot assert a
(Continued)

The *Green v. United States* ruling was the impetus for Green's filing of the Complaint in this action, based on the Middle District of Florida's conclusion that Roberts and IMC were not agents of the United States (and, hence, that they could be sued). That ruling is also the impetus for the Motion for Stay in this case because it is presently being appealed to the Eleventh Circuit, with briefing to conclude this month. Green explains that if the *Green v. United States* appeal were successful (*i.e.*, if the appellate court were to determine that Roberts/IMC were agents of the United States), then Green "would not be permitted to continue the action" and "this action will be due to be dismissed." (Doc. 17, at 2.) If, however, the appeals court were to affirm the lower court's determination that they were not agents of the United States, Green continues, "this action may proceed on the merits." (*Id.* at 2.) In their Response (doc. 19), Roberts and IMC concur with Green's representations concerning the *Green v. United States* appeal and its potentially cataclysmic (not to mention dispositive) effect on the viability of this action.

Based on these circumstances, Green maintains that the interests of efficiency and judicial economy militate strongly in favor of staying this action until the *Green v. United States* appeal concludes. Green reasons that such a stay would preserve judicial and litigant resources that might otherwise be wasted on exploring complex issues implicated by defendants' Motion to Dismiss in the interim if the Eleventh Circuit were ultimately to determine that Roberts and IMC were agents of the United States. Defendants acquiesce in this assessment, inasmuch as they "concede that the most efficient course of action in this case is to provide for a stay of this matter." (Doc. 19, ¶ 1.)

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) ("A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court."); *Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a

---

claim if [the private defendant] was the agent of the United States in operation of the vessel."); *Servis v. Hiller Systems, Inc.*, 54 F.3d 203, 207 (4th Cir. 1995) ("Where the PVA or the SAA provides a remedy against the United States, there is no recourse against the government agent whose actions engendered the lawsuit.").

pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay proceedings to save time and effort for parties and court). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp.2d 1, 3 (D.D.C. 2007) (citations omitted). In exercising this discretion, district courts have considered such factors as: "(1) whether the litigation is at an early stage …; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp.2d 915, 920 (W.D. Wis. 2010).[2]

Given the posture of this case, and the expectation that the Eleventh Circuit will soon decide a legal issue in *Green v. United States* that could foreclose altogether Green's ability to pursue his claims here, the Court agrees with the parties that staying this action is an appropriate exercise of its discretion. Such a stay will reduce the burden of this litigation (which is in its nascent stage) on the parties and the court, will simplify the issues for trial (by allowing for a final appellate determination of the threshold agency issue before this case goes forward), and will neither unduly prejudice nor tactically disadvantage any party.

For all of the foregoing reasons, the Consent Motion for Stay Pending Appeal (doc. 17) is **granted**. The Motion to Extend Time to Respond to Motion to Dismiss (doc. 18) is likewise **granted**. Because a stay will promote the interests of justice, without any countervailing adverse effects on any participant, the Court, in the exercise of its discretion, **stays** this action, and all

---

[2] *See also Teleconference Systems v. Proctor & Gamble Pharmaceuticals, Inc.*, 676 F. Supp.2d 321, 326 (D. Del. 2009); *Ortega v. J.B. Hunt Transport, Inc.*, 258 F.R.D. 361 (C.D. Cal. 2009); *Tomco Equipment Co. v. Southeastern Agri-Systems, Inc.*, 542 F. Supp.2d 1303, 1307 (N.D. Ga. 2008).

pending deadlines herein.  This stay will remain in effect until such time as the Eleventh Circuit has entered its final ruling in the *Green v. United States* matter.  Plaintiff is **ordered** to file a written notice within **seven (7) calendar days** after the Eleventh Circuit issues that opinion.  The notice must, at a minimum, include the following: (a) a copy of the appellate decision; (b) a statement reciting each party's position as to the impact (if any) of that decision on this case; and (c) a statement reciting each party's position as to whether the stay is due to be lifted.  If Green's assessment is that the Eleventh Circuit's ruling bars this action from going forward, then he should promptly file appropriate dismissal paperwork pursuant to Rule 41(a)(1), Fed.R.Civ.P., at that time.  If Green's assessment is that this action can proceed, then the Court will lift the stay and enter appropriate new briefing schedules for the limitations issues raised in defendants' Motion to Dismiss.  The Court expresses no opinion at this time as to the parties' disagreement concerning whether discovery will be needed before adjudicating those limitations issues.

DONE and ORDERED this 6th day of December, 2010.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE