# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JOEL W. GREEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 10-0481-WS-M** |
| | ) | |
| CLYDE M. ROBERTS, III, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter comes before the Court on the Motion to Intervene (doc. 21) filed by North Florida Shipyard, Inc. ("North Florida") and American Longshore Mutual Association, Ltd. ("ALMA").[1] No party has objected to this Motion within the time prescribed by the Order (doc. 37) entered on July 20, 2011; moreover, the Motion confirms that plaintiff has expressly consented to intervention by North Florida and ALMA.

Plaintiff, Joel W. Green, brought this action against defendants, Clyde M. Roberts III and Independent Marine Consultants, Inc., alleging that Roberts negligently caused flammable and explosive gases to accumulate on a vessel whose repairs he was supervising. The Complaint further alleges that Green, who was working as a welder on the vessel, sustained injuries in the ensuing explosion, and that Roberts' negligence proximately caused both the explosion and Green's injuries. This action was stayed for more than seven months effective December 6, 2010, because of the pendency before the Eleventh Circuit Court of Appeals of related proceedings, the outcome of which could potentially moot Green's claims. As explained in the Order (doc. 37) entered on July 20, 2011, those related proceedings have now concluded in a manner that does not obviate or negate Green's claims against Roberts and Independent Marine.

---

[1] The Memorandum accompanying the Motion to Intervene characterizes it as an "*Ex parte* Motion to Intervene." (*See* doc. 21-1, at 1.) This description is incorrect. The Motion to Intervene was not filed on an *ex parte* basis and, in any event, movants have identified no reason why it should have been.

Accordingly, the July 20 Order lifted the stay and restored this case to the undersigned's active docket.

Now that this litigation is has been reactivated, the Court turns to the Motion to Intervene filed by North Florida and ALMA in January 2011, shortly after the inception of the stay. In that Motion, the putative intervenors allege that, at the time of Green's injuries, ALMA provided compensation coverage for North Florida, which was Green's employer, and that they have paid compensation and medical benefits to and on behalf of Green pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* North Florida and ALMA seek to intervene in this action to assert lien rights under 33 U.S.C. § 933 and to recover compensation benefits and other expenses paid on this loss.

Although North Florida and ALMA generally invoke Rule 24 of the Federal Rules of Civil Procedure as the basis for their Motion, they do not offer any analysis or application of Rule 24 principles to their circumstances. Nonetheless, under Rule 24(b), district courts have discretion to grant permission to intervene "when [the] applicant's claim or defense and the main action have a question of law or fact in common." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006) (citation omitted); *see also Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) ("Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties."). The two essential elements for permissive intervention under Rule 24(b) are: "(1) the application to intervene was timely; and (2) the intervenor's claim or defense and the main action have a question of law or fact in common." *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996).

With respect to timeliness, the court file confirms that North Florida and ALMA filed their Motion to Intervene just four months after this action commenced, prior to entry of a Rule 16(b) Scheduling Order and in advance of any discovery or substantial motion practice by the existing parties. More importantly, there is no indication and no reason to believe that any other party would be unfairly prejudiced if North Florida and ALMA were permitted to intervene at this time. *See generally Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471, 1479 (11th Cir. 1993) (describing prejudice as "the essence of the timeliness inquiry" in the Rule 24(b) context). As for the second prong of the Rule 24(b) inquiry, it cannot reasonably be disputed that the

proposed claims identified by North Florida and ALMA share common questions of law or fact with those already joined in the main action.  Simply put, if Green recovers from Roberts or Independent Marine, then North Florida and ALMA seek to recover some or all of those funds to make them whole for compensation benefits and other expenses they paid on Green's behalf after the accident.  From the standpoint of efficiency and common sense, joining North Florida and ALMA's proposed claims to Green's claims against Roberts and Independent Marine is entirely appropriate.

In sum, North Florida and ALMA's Motion to Intervene is well-taken under the permissive intervention principles of Rule 24(b), inasmuch as their proposed claims and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties.  This is particularly true, given Green's acquiescence to the intervention and defendants' non-objection to same.  Accordingly, the Motion to Intervene is **granted**.  Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, the intervenors are **ordered**, on or before **August 12, 2011**, to file their Complaint in Intervention in substantially the same form appended to their Motion as an exhibit.

DONE and ORDERED this 4th day of August, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE